IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | : | ID No. 0311014303 |
| | : | In and for Kent County |
| v. | : | |
| | : | |
| DAVID HILL, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

Submitted: August 14, 2017
Decided:  August 17, 2017

On this 17th day of August, 2017, having considered Defendant David Hill's (hereinafter "Mr. Hill's") Motion to be Relieved from the Sex Offender Registry, the State's response, and the evidence presented at the evidentiary hearing, it appears that:

1. Mr. Hill pled guilty to a single count of Attempted Violation of Privacy in 2004 after he used a foot camera in an attempt to surreptitiously view and video a female victim employed at the Dover Mall.  The incident at issue occurred in April 2003.  The Court sentenced Mr. Hill to two years at supervision Level V suspended for two years at supervision Level III.  The conviction also required Mr. Hill's registration as a Tier I sex offender.  Pursuant to 11 *Del. C.* § 4121(e)(1)c, at Tier I, Mr. Hill was required to register as a sex offender for 15 years following the effective date of his sentence.  However, 11 *Del. C.* § 4121(e)(2)c allows a Tier I sex offender to petition the Court

> for relief from designation as a sex offender, and from all obligations imposed . . . if 10 years have elapsed from the last day of Level IV or V or sentence imposed at the time of the original conviction, or from

the date of sentencing if no Level IV or V sentence was imposed, and if the offender has successfully completed an appropriate sex offender treatment program certified by the State and has not been convicted of any crime . . . during such time.[1]

2. Mr. Hill has complied with the conditions of his sentence since 2004, including the registration requirement. He had no criminal convictions during the intervening years. Accordingly, Mr. Hill has been properly registered as a sex offender for 13 years. He now petitions the Court, pursuant to 11 *Del. C.* § 4121(e)(2)c for relief from the Registry. The State opposes this motion arguing that the nature of his crime and the nature of his other prior similar bad conduct should disqualify Mr. Hill from obtaining this relief.

3. When considering a motion to be relieved from the Sex Offender Registry, the petitioner must establish, "by a preponderance of the evidence, that the public safety no longer requires preservation of the original designation."[2] In determining whether the public safety requires preservation of the original designation, the Court must "weigh all the relevant evidence which bears upon the character and propensities of the offender, and the facts and circumstances of that offender's prior offenses."[3] The Court, in its discretion, may hold an evidentiary hearing to determine whether the petitioner is entitled to this relief.[4]

4. The Court held an evidentiary hearing for this matter, and during the hearing, Mr. Hill presented the Court with a report from Mr. Ron Wolskee (hereinafter "Mr. Wolskee"), a licensed social worker who specializes in the treatment of sex

---

[1] 11 *Del. C.* § 4121(e)(2)(c).

[2] 11 *Del. C.* § 4121(e)(2)d.

[3] 11 *Del. C.* § 4121(e)(2)e.

[4] *Id.*

offenders.[5]  Mr. Wolskee met with Mr. Hill on one occasion to assess his risk of reoffending.  In order to determine Mr. Hill's risk level, Mr. Wolskee interviewed Mr. Hill and reviewed the police reports referencing the convicted offense and other alleged offenses.  In the interview, however, they discussed only the circumstances surrounding the offense for which he was convicted.

5. Based upon this information, Mr. Wolskee testified regarding Mr. Hill's mental health, substance abuse, employment history, relationship history, and impulses.  He determined Mr. Hill's risk assessment through the use of a Static 99 test.  According to Mr. Wolskee, the Static 99 assessment is the most widely used sex offender risk assessment.  It measures a person's risk level based on prior history and prior acts.  Mr. Hill's score of 3 placed him in the moderate-low risk category.  Mr. Wolskee also scored Mr. Hill as having minimal depression based upon the Beck Depression Index and as having low anxiety based upon the Beck Anxiety Inventory test.  Finally, Mr. Wolskee scored Mr. Hill as "one hundred per cent alcoholic" based on the Michigan Alcohol Screening Test.

6. Based on his evaluation, Mr. Wolskee opined that Mr. Hill is not a sexual predator or a threat to the community.  Mr. Wolskee relied heavily on the fact that Mr. Hill has committed no criminal acts since the conviction for this offense.  However, Mr. Wolskee also noted that Mr. Hill continues to have voyeuristic sexual fantasies, though Mr. Hill reports that he adequately controls any such impulses.

---

[5] Prior to the hearing, Mr. Hill requested to introduce Mr. Wolskee's report into evidence at the hearing, without the need for his testimony.  The State objected on the grounds that it contested the report's foundation and therefore requested to cross-examine Mr. Wolskee.  As Mr. Hill correctly argued, strict rules of evidence do not apply in the context of this hearing because 11 *Del. C.* § 4121(e)(2)e requires the Court to consider all relevant evidence.  This hearing is more akin to a sentencing hearing and pursuant to D.R.E. 1101(b)(3), the strict rules of evidence do not apply in sentencing hearings.  Nevertheless, due to the centrality of this report to the ultimate issue and the State's request to cross-examine its author, the Court required Mr. Wolskee's presence at trial.  The Court permitted Mr. Wolskee to testify telephonically.

7. Despite the fact that Mr. Hill only pled guilty to one charge, based on Mr. Hill's own admission during his testimony, there were other incidents of similar conduct over the course of three years (2001 through 2003). Mr. Hill acknowledged that in 2001 there were at least three separate incidents where he committed similar offenses at his place of employment with a video camera. In each incident, female victims were unknowingly photographed or videotaped in private areas. The Court finds that Mr. Hill did not share this information with Mr. Wolskee at the time of the assessment.

8. During the evidentiary hearing, Mr. Hill also presented the Court with a letter from Eastern Shore Psychological Services LLC, evidencing completion of a treatment program certified by the State of Maryland. This program was a behavioral accountability program for persons who sexually violated or abused other persons. Mr. Hill attended this program from April 2004 through May of 2006, and the letter noted that a Risk Management Evaluation for Adult Male Sex Offenders found him to be at low risk to reoffend, provided he does not resume the abuse of substances.

9. At the hearing, Mr. Hill testified that he was ashamed of his actions and that he did not want to further hurt his family by doing anything of a similar nature. His conviction caused a great deal of damage to family relationships, which have since been repaired, and he testified that he did not want to jeopardize those relationships going forward. Mr. Hill also testified that he believes registering as a sex offender hinders his employment options. Mr. Hill mentioned that he has also suffered harassment on occasion due to the fact that he is a registered sex offender. He maintained that these sexual offenses occurred because he was under a great deal of stress at work, he did not control his alcohol and marijuana use, and had difficulties with a prior marriage. However, he emphasized that he is now sober and that this

4

will never happen again. Mr. Hill testified that he now has a strong support system in place and is better able to manage his stress.

10. The police officer who investigated this incident, other Dover Mall related incidents, and incidents from Mr. Hill's place of work, also testified at the hearing. He detailed the nature of the offenses. He explained that the reason Mr. Hill was only charged with the Dover Mall related incidents in 2003 was because the statute at issue was not yet enacted at the time of the earlier work occurrences.

11. After considering the evidence presented to the Court during the evidentiary hearing and the parties' submissions, the Court finds that while Mr. Hill has not reoffended over the last 13 years, he has not satisfied his burden for relief from the Sex Offender Registry. Mr. Hill is required to persuade the Court, by a preponderance of the evidence, that he is no longer a risk to the public safety. Based on the evidence presented, the Court does not find that he has met this burden.

12. The Court considered Mr. Wolskee's conclusions and testimony and acknowledges the fact that Mr. Hill has managed to avoid reoffending over the last 13 years, which weigh in Mr. Hill's favor. However, the Court must consider all relevant evidence bearing upon the character and propensities of the offender. Mr. Wolskee's report places him in the moderate-low risk category, which by definition evidences that he at least poses "a risk to the community."

13. The Court also assigns weight to the fact that Mr. Hill admitted at the hearing to similar occurrences with multiple work colleagues as well as other possible incidents at the Dover Mall. Mr. Hill's behavior during these occurrences was substantially similar to the offense in which he pled guilty. They occurred over a multi-year period and involved significant planning with cameras and technology available at the time. They did not involve a single mere impulse, but rather evidenced a long planned and developed scheme implemented over a course of years. They also included victims that were strangers as well as victims who were

5

close acquaintances at work. These prior occurrences coupled with Mr. Wolskee's report acknowledging that Mr. Hill has similar urges at present makes early relief from the Registry inappropriate.

14. Additionally, the Court does not assign significant weight to Mr. Wolskee's risk assessment given that he did not take into consideration these prior offenses, while on the other hand acknowledging that the Static 99 test should take into account factors such as other sexual offenses.[6] The Court notes that it appears as though Mr. Wolskee's failure to consider these other incidents is at least partially due to the fact that Mr. Hill focused his attention solely on the conviction, as opposed to all of the relevant circumstances. Relevant circumstances include by definition other similar prior incidents such as those acknowledged by Mr. Hill in Court.[7]

15. With regard to the assessment mentioned in the Eastern Shore Psychological Services LLC letter evidencing completion of his treatment, more than ten years have passed since that organization completed the risk assessment. There is also no background information surrounding this assessment. The Court cannot assign significant weight behind a stated conclusion regarding Mr. Hill's risk as of 2006 in the absence of more supporting information regarding the assessment used.

16. The Court acknowledges that Mr. Hill has turned his life in a more positive direction. However, because (1) Mr. Hill continues to have the same sexual fantasies that led him to commit this offense, (2) his expert assesses him at a moderate-low

---

[6] The Court recognizes that Mr. Wolskee testified that even if he had applied this information, it would not have changed his conclusions. However, in the Court's view, it diminishes the weight due his opinion.

[7] While Mr. Hill did not discuss the other incidents involving similar conduct at his evaluation, Mr. Wolskee testified that he was aware of some of the prior alleged incidents from reading the police reports. However, he testified that he did not take them into account because they were only allegations. At the hearing, however, Mr. Hill acknowledged the veracity of many of the complaints, and acknowledged that he could not dispute the others. Accordingly, the Court finds them to be relevant prior offenses.

risk to reoffend, and because of (3) the other evidence presented at the hearing, the Court finds that he has not met his burden of showing, by a preponderance of the evidence, that public safety no longer requires preservation of the original designation until the statutorily required fifteen years have expired.

**WHEREFORE**, Mr. Hill's Motion to be Relieved from the Sex Offender Registry is **DENIED**.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Judge